# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NATALIE PRESTON**,<br>601 E. Fayette St.<br>Baltimore, MD 21202<br><br>  Plaintiff,<br><br>v.<br><br>**BALTIMORE CITY POLICE DEPARTMENT**<br>601 E. Fayette St.<br>Baltimore, MD 21202<br><br>and<br><br>**MICHAEL HARRISON**<br>(*In his Official Capacity* as Commissioner of the Baltimore Police Department)<br><br>**SERVE ON :**<br>Michael Harrison, Commissioner<br>601 E. Fayette St.<br>Baltimore, MD 21202<br><br>  Defendants. | **Civil Action No.:** _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND ELECTION OF JURY TRIAL

Plaintiff, Natalie Preston, by and through undersigned counsel, brings forth this civil action against Defendants Baltimore Police Department and Police Commissioner Michael Harrison, and for cause states as follows:

## INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964. Plaintiff alleges that Defendant Baltimore Police Department (hereinafter "BPD") and Defendant Michael Harrison (hereinafter "Harrison") discriminated against her on the basis of her race (African-American) and suspended and demoted her in retaliation for her participation in a protected activity by complaining about actions of the BPD made unlawful by Title VII. Plaintiff brings forth this action to correct the unlawful employment practices of racial discrimination and retaliation, and to provide appropriate relief to Plaintiff who was adversely affected by the practices. The Plaintiff seeks relief which includes reinstatement to her former position and rank, an injunction from further discrimination, lost wages and benefits; future wages and benefits if full reinstatement is determined to be inappropriate; liquidated damages, compensatory and punitive damages and attorney's fees and costs for the prosecution of this action, pursuant to the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter Title VII).

## JURISIDCTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is a civil action brought under the United States Constitution and federal laws.

3. Venue is properly in this District pursuant to 28 U.S.C. § 1391 because all the events giving rise to Plaintiff's claim occurred in Baltimore City, Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff files this Complaint within ninety (90) days of her receipt of the Notice of Right to Sue dated February 3, 2023 (see attached), and all other conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5. Plaintiff is an African-American woman, an employee of Baltimore Police Department, and resides in Baltimore City, Maryland.

6. Defendant Baltimore Police Department is a government agency enforcing the criminal laws in the City of Baltimore, Maryland, and is an "employer" as defined by Title VII. At all times relevant to this action, Defendant BPD, through its agents and/or employees, condoned, ratified, authorized and/or engaged in the discriminatory practices and wrongful acts described in this Complaint.

7. Defendant Michael Harrison was at all times relevant to this Complaint, the Police Commissioner of the Baltimore Police Department and an employee of Baltimore City. Defendant Harrison was responsible for the institution and application of the BPD's employment policies, including its internal investigatory and disciplinary procedures. He was also responsible for ensuring that the actions of the BPD did not deprive any individual of the rights secured by the United States Constitution, as well as the Constitution and laws of the State of Maryland and City of Baltimore. Defendant Harrison was responsible for the actions of BPD employees and was the final authority in all disciplinary matters within the Department.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff was hired by the BPD as a Police Officer on July 6, 2000.

9. During Plaintiff's tenure on the Department, and at all relevant times hereto, Plaintiff held the position as President of the Vanguard Justice Society, an organization that advocates on behalf of minority police officers against discrimination, including racial discrimination, in the workplace.

10. On September 25, 2020, Plaintiff accompanied an African American Police Officer for a meeting with Deputy Commissioner Danny Murphy regarding an unjust promotion process within the Department; specifically, questioning why the officer was continuously being overlooked for promotion, despite being qualified, while other less qualified Caucasian officers were promoted.

11. During the meeting, Plaintiff expressed her concerns with the Internal Affairs Division regarding the disparity amongst African American and Caucasian officers.

12. On October 28, 2020, Plaintiff was demoted from the position and rank of Major to Lieutenant by Defendant Police Commissioner Michael Harrison without being given any reason, even after request. Plaintiff maintains that the demotion was in retaliation for her complaints about the racial discrimination within the Department.

13. On November 24, 2020, Plaintiff was suspended from her position pending termination. At that time, Plaintiff was told that she was suspended for giving an unauthorized detail day to an officer, failing to manage resources, and for the misrepresenting facts. Such charges were pursued against Plaintiff, despite the Department having information that would clear her of all charges.

14. A similarly-situated BPD Major, who is a Caucasian male, was treated differently and more favorably than Plaintiff. The Major was accused of improperly granting vacation leave to an officer who was incarcerated, thus allowing the officer to receive a check while in jail. Yet, the BPD decided not to pursue any IAD charges against the Major, and ultimately allowed him to retire in good standing.

15. In addition, a Caucasian male Lieutenant who was found guilty of violating the Maryland CJIS code by looking up a former Deputy Commissioner's information was suspended and given an administrative job. In addition, the Caucasian male Lt. Colonel who was also involved in the

matter was just given a letter of reprimand, then promoted twice, and ultimately retired to work for PERF (Police Executive Research Forum).

16. On December 9, 2020, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") alleging claims of racial discrimination and retaliation against the BPD, which gave rise to the current litigation.

17. On March 2, 2022, Plaintiff exercised her right to have a trial board hearing. The date for Plaintiff's trial board hearing was postponed and rescheduled five (5) times. After the hearing was finally conducted, Plaintiff was acquitted of all charges.

18. As a result of the acquittal, on March 3, 2022, Plaintiff went to the Internal Affairs Division (IAD) to request that she be reinstated to her position. In further retaliation, however, Lt. Mahoney informed her that the Major would not sign off on her paperwork for reinstatement because she had an open EEOC Complaint. At that time, Plaintiff was aware of other officers who were reinstated and/or promoted with open EEOC pending investigations.

19. On March 3, 2022, Plaintiff contacted the Public Integrity Bureau/Internal Affairs Division ("IAD") to file a complaint against the individual officers who made false statements pertaining to the charges that were filed against her and ultimately dismissed. At that time, Lt. Mahoney told Plaintiff that she could file the Complaint herself in the departmental database, the "Blue Team". In response, Plaintiff stated that it was her supervisor's responsibility to enter the Complaint on her behalf since he attended her trial board hearing and witnessed the false statements that were made. Plaintiff's request was ignored completely.[1]

---

[1] On March 22, 2022, Plaintiff revisited the issue and made a second request to lodge a formal Complaint against the individual officers who made false statements against her. At that time, IAD recorded her statement and entered it into the Blue Team. One year later, without conducting a full investigation (neglected to interview key witnesses), Plaintiff's Complaint against the officers were dismissed – claims were found not sustained.

20. On March 11, 2022, Plaintiff was finally reinstated to full duty and was issued the return of her equipment, however, her rank as Major was not restored. Currently, Plaintiff remains in the demoted position as a Lieutenant.

21. In addition, on May 11, 2022, Plaintiff was informed that she was being transferred from her assignment at the Pawn Shop Unit/Juvenile Booking, which is part of the Special Services Section, to the Southwest District Patrol Unit. Plaintiff was told that the transfer was not a punishment, but rather because the Pawn Shop Unit was being eliminated. In that case, however, Plaintiff should have been moved under the position number assigned to Juvenile Booking which is also part of the Special Services Section. Instead, she was transferred to 'patrol'. Not only was such transfer improper, it was also inexplicable because at the time, the Southwest District Patrol Unit did not have any vacancies that needed to be filled and there was no change in the number of allotments granted by the City for the rank of Lieutenant in the Special Services Section. The transfer from Plaintiff's original non-patrol assignment was, indeed, punishment and retaliation for the complaints that Plaintiff lodged against the Department and individual police officers.

22. In further retaliation for participating in protected activities under Title VII, Plaintiff was denied an opportunity to serve as the Police Data Liaison for the Deputy Mayor for Public Safety. On August 5, 2022, the Deputy Mayor approached Plaintiff and personally asked her to serve as his Police Data Liaison. Plaintiff expressed to him that it would be an honor for her to serve in that capacity.

23. On August 10, 2022, however, Plaintiff was called to the Deputy Commissioner's Office and was informed that despite the fact that she was asked by the Deputy Mayor to serve as his liaison, there would be a posting for the position and she would have to apply and interview for it. In response, Plaintiff pointed out that when the Mayor of Baltimore City makes a request for an

officer to work for him, there is no interview or posting, and when the Police Commissioner wants someone to work for him, there is no posting or interview, and when they themselves (referring to Deputy Commissioner, Colonel, and Lieutenant) want someone to work for their respective offices, there is no posting or interview. In fact, the common practice within the BPD is that ranking officers often move their staff with them to new positions without postings or interviews. However, due to the blatant and retaliatory animus that the Defendant BPD and Defendant Police Commissioner has against Plaintiff due to her complaints of racial discrimination, Plaintiff was, and still is, being treated disparately.

## Count I – Title VII Race Discrimination

24. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 23 of this Complaint.

25. The actions of Defendants in suspending and demoting Plaintiff because of her race violated the prohibitions set forth in 42 U.S.C. § 2000e et seq.

26. Those discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer emotional distress, humiliation, and embarrassment.

27. WHEREFORE, Plaintiff seeks compensatory damages and punitive damages from Defendants, appropriate back pay, reinstatement to her position as Major, plus reasonable attorney's fees costs and, such other and further relief to which she may be entitled.

## Count II – Title VII Retaliation

28. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Plaintiff engaged in a protected activity.

30. As a result of Plaintiff engaging in a protected activity by, amongst other things, complaining about racial discrimination and advocating on behalf of minority (African-American) officers, the Defendants engaged in retaliation against Plaintiff.

31. The actions of Defendants in retaliating against Plaintiff for engaging in a protected activity violated the prohibitions set forth in 42 U.S.C. § 2000e et seq., which prohibits retaliation against a person for complaining about actions made unlawful under Title VII.

32. Those discriminatory and retaliatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer emotional distress, humiliation, and embarrassment.

33. WHEREFORE, Plaintiff seeks compensatory damages and punitive damages from Defendants, appropriate back pay, reinstatement to her position as Major, plus reasonable attorney's fees costs and, such other and further relief to which she may be entitled.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

Respectfully submitted,

/s/ *Tomeka G. Church*

Tomeka G. Church, Federal Bar # 25311
The Law Office of Tomeka G. Church, LLC
711 St. Paul Street
Baltimore, Maryland 21202
PH: 410-307-8223
*Attorney for Plaintiff*